

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 27 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff/Respondent, ) | |
| v.  ) | Crim. No. 99-261 (TFH) |
| DANIEL DEJESUS AYALA, ) | |
| Movant/Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is the Defendant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. Upon consideration of the Defendant's submission, relevant portions of the record, and the applicable law, the Court will deny the § 2255 motion.

### I. BACKGROUND

The Defendant was convicted by a jury of possession with the intent to distribute fifty grams of cocaine base and distribution of five or more grams of cocaine base. *United States v. Ayala*, 38 Fed. Appx. 15, 16 (D.C. Cir. 2002). The Defendant was sentenced to 145 months imprisonment. His conviction and sentence were affirmed on appeal. *Ayala*, 38 Fed. Appx. at 16.

### II. DISCUSSION

The Defendant contends that his conviction and sentence are unconstitutional under *Booker v. United States*, 543 U.S. 220 (2005). In that case, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict must be admitted by



the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244. The *Booker* decision was issued after the Defendant's conviction became final in July, 2002. *See Clay v. United States* 537 U.S. 522, 525 (2003)(conviction final when time for filing certiorari petition has expired).

When a Supreme Court decision creates a new rule of criminal procedure, the new rule, with two limited exceptions, cannot be applied retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). In agreement with all of the circuit courts that have considered the issue, the District of Columbia circuit has concluded that *Booker* does not apply retroactively on collateral review. *See In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006).[1] Accordingly, the Defendant's §2255 motion will be denied.

A separate order accompanies this Memorandum Opinion.

*[signature]*
Thomas F. Hogan
Chief Judge

Date: *February 22, 2006*

---

[1] In his motion, the Defendant concedes that the courts have found *Booker* to have no retroactive effect. He is raising the issue to preserve it for further review.